# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY E. BUTLER, et. al.,**

        **Plaintiffs,**

        v.                               Case No. 08-C-754

**THOMAS B. WANTA, et. al.,**

        **Defendants.**

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

On September 4, 2008, Timothy E. Butler, Alisa G. Butler, James Kimmons, and Markkus Butler, collectively filed a complaint against the defendants. In their present complaint, the plaintiffs seek to appeal the "devistateing [sic], disgusting and most ridiculous ruleing [sic] by Judge J.P. Stadmuller [sic], US district Judge in the case #07-C-0247 . . . ." (Docket No. 1 at 3.)

In case 07-C-247, Judge Stadtmueller denied Alisa G. and Timothy E. Butler's motion to proceed in forma pauperis and ordered the complaint dismissed without prejudice. (Docket No. 3.) In that order, Judge Stadtmueller determined that the plaintiffs had the means to pay the filing fee. Furthermore, Judge Stadtmueller determined that the plaintiffs' complaint lacked arguable merit. Specifically, Judge Stadtmueller noted that the plaintiffs failed to allege that the defendants were state actors, so as to bring the complained-of conduct within the purview of 42 U.S.C. § 1983. Alternatively, to the extent that the plaintiffs were alleging a violation of Title VII of the Civil Rights Act of 1946, 42 U.S.C. § 2000e et. seq., the plaintiffs' claims must fail because they had not been considered first by the Equal Employment Opportunity Commission.

Presently before this court is the plaintiffs' motion to proceed in forma pauperis. Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiffs are unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As Judge Stadtmueller noted in his prior order denying the plaintiffs' motion to proceed in forma pauperis, the plaintiffs' claimed financial habits are puzzling. They earn $2,132.00 in gross monthly income. They are more than $50,000.00 upside down in their mortgage and pay over $1,200.00 per month on that mortgage. Remarkably, they allegedly incur a monthly gas and electric bill of $3,450.00 per month, of which they pay only $350.00 per month. They also pay $850.00 a month on two late-model vehicles and $1,250.00 per month for insurance on those vehicles. These spending habits are exceptional, and remarkably, they have accelerated since the plaintiffs' last request for permission to proceed in forma pauperis.

In their prior motion, they had a single car, with payments of $380.00 per month and automobile insurance of $380.00 per month. Despite only a modest increase in monthly income, the plaintiffs have apparently elected to undertake significant additional expenses, notably, acquiring two late-model vehicles, each of which carries with it a substantial monthly payment, and, if it were to be believed, a total of $1,250.00 per month, or a total of $15,000.00 per year, in insurance. These spending habits are not consistent with a claim of indigency. Accordingly, it is the conclusion of this court that the plaintiffs possess the financial means to be able to pay the $350.00 filing fee. In other words, if the plaintiffs wish to proceed with this litigation, they will need to prioritize their expenses and pay the filing fee.

Having concluded that the plaintiffs are not indigent and possess the means to pay the filing fee, the court need not proceed to the second step of the analysis. The plaintiffs shall pay the filing fee within 30 days. Failure to timely pay the filing fee shall result in this matter being dismissed.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to proceed in forma pauperis is **denied**. The plaintiffs shall pay the $350.00 filing fee within **30 days** of the date of this order. Failure to timely pay this filing fee shall result in the plaintiffs' complaint being dismissed.

Dated at Milwaukee, Wisconsin this 13th day of February 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge